UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,

      Plaintiff,

v.

DEARBORN VENTURE CAPITAL, L.L.C., and
SAM HAMAME,

      Defendants.

                                               /

Case No. 14-13921

Honorable John Corbett O'Meara

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS AND
## DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RECEIVER

This matter came before the court on Plaintiff's January 22, 2015 motion to appoint a receiver and Defendants' February 5, 2015 motion to dismiss. The issues were fully briefed; and oral argument was heard March 26, 2015. At the hearing the parties advised the court they would attempt, for the third time, to have Plaintiff intervene in an ongoing state court action. They have recently advised the court that Plaintiff is not seeking to intervene in that action; therefore, this court now will rule on the pending motions in this case.

## BACKGROUND FACTS

Defendant Dearborn Venture Capital ("DVC" or "Borrower"), whose sole member is co-defendant Sam Hamame, obtained a loan from plaintiff U.S. Bank National Association ("U.S. Bank" or "Lender") in the amount of $4,030,000 in November 2011. The note is secured by a mortgage on commercial real property located in Dearborn, Michigan. Beginning in March 2014, Borrower stopped making monthly payments. Lender's counsel sent Borrower a letter, notifying

Borrower that the maturity date of the note had been accelerated and requesting payment of all amounts due and owing under the Loan Agreement.

The loans and properties at issue here involve many parties. In March 2013, April Fakhoury and Chase Capital Ventures filed a complaint against Sam Hamame and others in Wayne County Circuit Court ("the State Court Action"). Lender was not named as a party in the State Court Action and was not aware of that case for some time, as Borrower violated the Loan Agreement by failing to give Lender prompt notice of that litigation.

Still unbeknownst to Lender, on March 14, 2014, the state court appointed a receiver over the various entities and properties, including the real property that is subject to Lender's security interest. On May 28, 2014, Lender became aware of the State Court Action for the first time and filed a motion to intervene. Oral argument was heard on the motion June 27, 2014; however, no order was issued. Lender filed a renewed motion to intervene July 18, 2014. The parties then asked the state court for time to negotiate a settlement; and before the state court ruled on the renewed motion to intervene, Lender withdrew its motion and filed this case in federal court.

Borrower currently is in default on the loan; and the outstanding amount is now in excess of $4,964,270. Lender's complaint alleges the following causes of action: Count I, breach of contract of the loan agreement; Count II, mortgage foreclosure; and Count III, breach of the guaranty agreement.

## LAW AND ANALYSIS

Defendants argue that Plaintiff's federal lawsuit is barred by the Rooker-Feldman doctrine to the extent it seeks appellate review of the rulings in the State Court Action appointing a receiver, closing the case, and retaining jurisdiction after settlement. The United States Supreme Court has

"held Rooker-Feldman inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." Lance v. Dennis, 546 U.S. 459, 464 (2006). The United States Court of Appeals for the Sixth Circuit has explained,

> A person who was not a party in the state court action did not have an opportunity to litigate its claims. That person must be allowed to bring an action in federal court to attempt to vindicate its perceived rights, otherwise it will have no chance to do so. A party has no obligation to attempt to intervene in a state court action when it is not named in the suit in order to preserve its rights. Because the [federal plaintiff] was not a party in the state court action in this case . . . the district court properly exercised its jurisdiction.

United States v. Owens, 54 F.3d 271, 274 (6th Cir. 1995).

In this case Plaintiff moved to intervene in the State Court Action. However, because the case was complicated, had been pending a long time, and was near completion via settlement of the parties, the state court did not rule on Plaintiff's initial motion to intervene. Plaintiff later filed a renewed motion to intervene. The second motion was noticed for hearing, but before the hearing Plaintiff withdrew the motion and filed this case in federal court.

Defendants contend that Plaintiff was a "de facto party" in the State Court Action because Plaintiff filed motions in that lawsuit, was heard on the record, and participated in some settlement negotiations. However, because Plaintiff was not a party in that suit, it was not allowed to litigate its claims fully. Therefore, Rooker-Feldman does not apply; and this court must deny Defendants' motion to dismiss.

Plaintiff's January 22, 2015 motion for appointment of receiver and for preliminary injunctive relief has been misconstrued by Defendants. Plaintiff seeks appointment of a receiver only after the current receiver in the State Court Action is relieved of his duties. As recently as February 5, 2015, the state court opined that Frank Simon, the current receiver, would be discharged "soon." Because

Mr. Simon is still the receiver and has not yet been terminated, Plaintiff's motion is premature. The court will deny the motion without prejudice.

## ORDER

It is hereby **ORDERED** that Defendants' February 5, 2015 motion to dismiss is **DENIED.**

It is further **ORDERED** that Plaintiff's January 22, 2015 motion for appointment of a receiver is **DENIED WITHOUT PREJUDICE.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  September 15, 2015

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 15, 2015, using the ECF system.

                                                s/William Barkholz
                                                Case Manager