UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
THE REGISTERED HOLDERS OF
CFCRE COMMERCIAL                          Case No. 14-13921
MORTGAGE TRUST 2011-C2
COMMERCIAL MORTGAGE PASS-                 Judge John Corbett O'Meara
THROUGH CERTIFICATES, SERIES
2011-C2, ACTING BY AND                    Magistrate Judge Mona K. Majzoub
THROUGH ITS SPECIAL
SERVICER, LNR PARTNERS, LLC,

      Plaintiff,

vs.

DEARBORN VENTURE CAPITAL
LLC, SAM HAMAME, APRIL
FAKHOURY,

      Defendants.
_____/

## ORDER FOR FORECLOSURE SALE

Plaintiff U.S. Bank National Association, as trustee for the Registered Holders of CFCRE Commercial Mortgage Trust 2011-C2 Commercial Mortgage Pass-Through Certificates, Series 2011-C2 ("Plaintiff" or "Lender"), acting by and through its special servicer, LNR Partners, LLC, and its attorneys, Venable LLP and Dykema Gossett PLLC, having filed on February 4, 2016 a Motion for Partial

Summary Judgment pursuant to Fed. R. Civ. 56(a) (Docket No. 49, the "Motion");[1] the Court having granted the Motion and entered the *Order Granting Plaintiff's Motion For Partial Summary Judgment* on March 31, 2016 (Docket No. 63); and the Court being otherwise advised in the premises:

IT IS HEREBY ORDERED THAT:

A. Defendant Dearborn Venture Capital LLC ("Borrower") defaulted under the terms and conditions of the Loan Documents, as that term is defined in the Motion.

B. Pursuant to M.C.L. § 600.3115 and the terms and conditions of the Loan Documents, including but not limited to the Mortgage, Lender may proceed with a foreclosure sale of the commercial property commonly known as 22200-22224 Michigan Avenue, Dearborn, Michigan, and more particularly described in Exhibit A to the Mortgage ("Property").

C. There is due and owing under the Loan from Lender to Borrower, as of January 11, 2016, pursuant to the Loan Documents, the total of $5,826,953.21, plus accruing interest, costs, and other fees (the "Judgment Amount").

D. Lender may begin its publication of the notice of sale immediately after entry of the Judgment, and the sale of the Property may occur immediately after

---

[1] All capitalized terms not defined herein shall have the same meaning as defined in the Lender's Motion and brief in support of the Motion.

    Lender provides the notices required by M.C.L. § 600.6052, but no sooner than six weeks after entry of the judgment.

E.     Borrower is liable for the Judgment Amount and any deficiency resulting from the foreclosure sale.

F.     Pursuant to M.C.L. § 600.3120, if, after this judgment is entered, Borrower brings into Court the Judgment Amount and the Judgment Amount is paid to the Lender, the foreclosure proceedings in this action shall be stayed, however, the Court shall enter a judgment of foreclosure and sale to be enforced by a further order of the Court upon any subsequent default of the Loan Documents.

G.     Pursuant to M.C.L. § 600.3145, any sum paid by Lender at any time after foreclosure and prior to expiration of the period of redemption for taxes assessed against the Property and/or the portion of premium of any insurance policy covering the Property as is required to keep the policy in force until the expiration of the period of redemption, shall be added to the Judgment Amount.

H.     Pursuant to M.C.L. § 600.3140, Borrower may redeem the Property by paying the foreclosure bid price together with interest and all other amounts as required by M.C.L. § 600.3101 *et. seq.* from the date of the sale at the interest default rate provided by the Loan Documents within six (6) months from the

   date and time of the foreclosure sale. If the Borrower does not redeem the Property, the purchaser of the Property at the foreclosure sale shall take the Property free and clear of any and all claims or interest in the Property recorded or otherwise affecting the Property after the date of the Mortgage.

I. Pursuant to M.C.L. § 600.3150, upon the submission of the Sheriff's report of sale and entry of an order confirming sale under judgment of foreclosure, if either the principal, interest, or costs ordered to be paid is left unpaid after applying the amount received upon the sale of the Property, Lender shall be entitled to the amount of the deficiency against Borrower upon the application of Lender.

J. Pursuant to M.C.L. § 600.3135, upon the submission of the Sheriff's report of sale and entry of an order confirming sale under judgment of foreclosure, if either the principal, interest, or costs ordered to be paid, along with the deficiency, if any, have been paid in full to Lender (after applying the amount received upon the sale of the Property) and there exists a surplus, the surplus shall be brought into court for distribution to Borrower.

K. This Judgment shall not affect Lender's breach of guaranty claim against Defendant Sam Hamame, which remains pending.

Date: April 5, 2016         s/John Corbett O'Meara
                     United States District Judge

I hereby certify that on April 5, 2016 a copy of this order was served upon the parties of recording using the ECF system and/or first-class U.S. mail.

<u>s/William Barkholz</u>
Case Manager